# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE GAINES, | ) |
|         Plaintiff, | ) Case No.: 1:21-cv-01955 |
| | ) |
| v. | ) |
| | ) |
| LIVE NATION WORLDWIDE, INC., | ) |
| | ) |
|         Defendant. | ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

**COMES NOW**, Plaintiff Brooke Gaines, by counsel, Andrea L. Ciobanu of CIOBANU LAW, P.C., complaining of Live Nation Worldwide, Inc. and state to this Court as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this litigation implicates the proper interpretation and application of the federal Americans with Disabilities Act ("ADA") which prohibit discrimination on the basis of disability by public accommodations.

2. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose in Marion County, Indiana, and Hamilton County, Indiana, both of which are located within the Southern District of Indiana.

3. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367 since they form part of the same case or controversy.

## PARTIES

4. Plaintiff Brooke Gaines (hereinafter "Gaines") is an individual who resides in St. Joseph County, Indiana.

5. Defendant Live Nation Worldwide, Inc. (hereinafter "Live Nation") is a Delaware For-Profit Corporation with its principal place of business in Los Angeles County, California, which owns and/or operates the Egyptian Room at Old National Centre (hereinafter "Egyptian Room"), a music venue located in Marion County, Indiana, and Ruoff Music Center (hereinafter "Ruoff"), a music venue located in Hamilton County, Indiana.

## FACTUAL ALLEGATIONS

6. At all times relevant, Gaines was an individual with a "Disability" as defined in 42 U.S.C. § 12102.

7. At all times relevant, Gaines' disability restricted her to a wheelchair.

8. The Egyptian Room is a place of public accommodation as contemplated by the ADA.

9. Ruoff is a place of public accommodation as contemplated by the ADA.

10. On or around July 12, 2019, Gaines attended a concert at the Egyptian Room.

11. The Egyptian Room is located on the second floor of the Old National Centre.

12. Upon arriving at the Old National Centre, Gaines discovered that the elevator to the Egyptian Room was not operational.

13. With the assistance of her spouse, Gaines struggled up the stairs to the Egyptian Room as her niece carried her wheelchair.

14. Upon entering the Egyptian Room, Gaines went to the roped-off area designated as accessible seating.

15. The accessible seating area was located at floor level.

16. Directly to the left of the accessible seating area, the was a set of removable risers which supported tables and able-bodied patrons.

17. Gaines' view of the stage from the accessible seating area was blocked due to the removable risers.

18. Gaines explained her dilemma to Live Nation staff and asked them for assistance so that she could see the avoidance but was told by Live Nation staff that there was nothing they could do.

19. As such, Gaines sat through the entire concert without seeing the performance of the band she paid to see.

20. On or about July 23, 2019, Gaines attended a concert at Ruoff, for which she purchased a ticket for herself and a companion in the accessible seating area designated in Section A of the venue's pavilion.

21. Upon arriving at her seating area at Ruoff, Gaines discovered that her "wheelchair seat" was actually located on a gradual slope in the aisle between Sections A and B.

22. There were also rows of seats in the aisle in front of Gaines, where other able-bodied patrons sat, who would stand during the performance, thereby blocking Gaines' view of the stage.

23. Due to her placement, Gaines was forced to move every time anyone needed to enter their row.

24. Due to the gradual slope of the seating area combined with the patrons standing in front her, Gaines sat through the entire concert without seeing the performance of the band she paid to see.

25. On or about August 7, 2019, Gaines attended another concert at Ruoff, for which she purchased the same accessible seating arrangements as she did for the July 23, 2019 concert.

26. Partway through the August 7, 2019 concert, Gaines grew frustrated from being unable to see the performance that she decided to leave early.

27. Live Nation staff saw that Gaines was upset and offered to mover her to a different "accessible" area.

28. Live Nation staff then directed Gaines to the difference "accessible" area, which was located in Section D.

29. The new "accessible" area in Section D did not improve Gaines' view of the performance and, in fact, were cheaper seats than the ones Gaines purchased.

30. Gaines' seat in Section D was also behind a safety railing located directly in Gaines' line of sight which compelled Gaines to either bend down or stretch up her head in order to see whatever limited view she had of the stage.

31. Moreover, the "accessible" area in Section D did not provide adequate space for Gaines' wheelchair, which forced her to move every time another patron entered or left the row.

32. Gaines aggravated arthritis and a pre-existing shoulder injury from having to continuously roll back and forth every time another patron needed to enter or exit her row, which created great pain and ultimately resulted in a shoulder replacement in October of 2019.

33. Gaines attempted to resolve her complaints with Live Nation directly after the concerts, to which Live Nation responded that they could provide no refunds.

34. Gaines responded to Live Nation that she was not seeking a refund, but instead wanted to resolve the accessible seating issues at Live Nations' concert venues prior to the next summer's concerts.

35. Shortly after this conversation began, Live Nation's employee who was communicating with Gaines stopped responding to Gaines' emails.

36. Gaines subsequently sent correspondence to Live Nation through the Indiana Disability Rights organization requesting that Live Nation become ADA compliant but Live Nation has failed to rectify their noncompliance.

### COUNT 1: VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

37. Gaines incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates that Gaines is entitled to relief. Fed. R. Civ. P. 8(a)(2).

38. Title III of the ADA mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."

39. Discrimination under Title III of the ADA includes the failure to remove architectural barriers, to the extant that such removal is readily available and, to the extent that such removal is not readily available, a public accommodation must make its "goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

40. Moreover, federal regulations specify that "a public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities". 28 C.F.R. § 36.211.

41. Live Nation failed to remove the risers in the Egyptian Room which blocked Gaines' view of the stage.

42. Even in the event the risers in the Egyptian room could not be readily removed, Live Nation could have reasonable accommodated Gaines by other means, such as relocating the

accessible seating area to a location where there would not have been any risers, standing patrons, or other obstacles in front of her.

43. Live Nation was also non-compliant with the ADA by failing to provide an operating elevator to transport Gaines to the second floor of the Old National Centre where the Egyptian Room is located.

44. Live Nation also failed to ensure that the accessible seating area at Ruoff met the minimum standards to accommodate disabled persons pursuant to Title III of the ADA.

45. Although Gaines expressed to Live Nation staff that she could not see the performance at Ruoff, Live Nation's only attempt to accommodate her was to move her to cheaper seats, which had a safety rail blocking her view and required her to move every time another patron needed access to the aisle.

46. Live Nation denied Gaines the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations base on her disability in violation of Title III of the ADA.

47. Live Nation continues to maintain and enforce a policy which denies individuals similarly situated as Gaines, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations based on his disability in violation of Title III of the ADA.

48. Gaines requests the injunctive relief that Live Nation complies with ADA requirements and that she has the ability to return to Live Nation venues to enjoy performances in a ADA compliant environment.

### COUNT 2: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Gaines incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein.  Pursuant to the federal notice pleading standard, this complaint contains a

factual allegations section, pleaded with sufficient factual matter, which demonstrates that Gaines is entitled to relief. Fed. R. Civ. P. 8(a)(2).

50. Live Nations actions constitute intentional infliction of emotional distress under Indiana State Law and is a pendant claim to this action.

51. Gaines suffered embarrassment, anxiety, and emotional distress as a result of Live Nations' actions.

## PRAYER FOR RELIEF

Gaines prays that a judgment be entered on her behalf and against Live Nation on all counts of this complaint that:

A. declares that Live Nation's conduct as alleged herein violates the American with Disabilities Act, 42 U.S.C. § 12181 *et seq.* to the fullest extent of that law;

B. awards Gaines injunctive relief, compensatory damages, as well as reasonable attorney's fees and litigation costs and expenses incurred in this matter to the fullest extent of law;

C. requires that Live Nation become compliant with the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*;

D. allows Gaines to return to venues owned and operated by Live Nation, including, but not limited to, the Egyptian Room and Ruoff, to attend events with full and equal enjoyment; and,

E. awards any and all other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury in this action to the fullest extent permitted by law.

Date: July 2, 2021

Respectfully submitted,

_s/ Andrea L. Ciobanu_
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com